UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **LINDSAY ANN DUNESKE**, | **2:24-CV-11371-TGB-KGA** |
| Plaintiff, | |
| | HON. TERRENCE G. BERG |
| v. | |
| **TEAM SKEPTIC, et al.**, | **ORDER DISMISSING COMPLAINT AND ENJOINING PLAINTIFF** |
| Defendants. | |

Before the Court is a matter initiated by Plaintiff Lindsay Ann Duneske ("Duneske") with the filing of a document on May 23, 2024, entitled "Claim of Harm and Trespass and Demand for Trial by Jury Due to Violation of Constitutional Rights." *Team Skeptic*, Case No. 24-CV-11371, ECF No. 1.

In this pleading, Duneske alleges that Defendant Team Skeptic, a YouTube channel ("Team Skeptic"), created a misleading and defamatory video about her and published it to YouTube. *Team Skeptic*, ECF No. 1, PageID.2. The video Duneske complains of seemingly contains footage of her behavior before a Michigan state court judge during an arraignment. Duneske asserts the video was intended to "torture [and] harass [her], and inflict undue emotional, mental, and reputational harm [upon] [her]." *Id.* Duneske further claims that Defendant YouTube ("YouTube") censored comments on the video at the request of Team Skeptic, making

the video-sharing platform "complicit in the defamation" and additionally liable for her harm. *Id.*

Duneske claims the relief she is entitled to by law includes the following: (i) compensatory damages, (ii) an injunction, (iii) punitive damages, and (iv) attorneys' fees. *Team Skeptic*, ECF No. 1, PageID.5. Duneske seeks to proceed in forma pauperis ("IFP").

This borderline irrational complaint is not the first such matter that Duneske has filed with this Court. In September 2021, Duneske filed a pleading captioned "Initiating Motion and Declaration to Void All Judgments, Orders, Debts, [etc.]" in Case No. 21-MC-51224. That miscellaneous matter was later renumbered as Case No. 23-CV-13140, and the case was dismissed on February 20, 2024, after Duneske failed to respond to a Show Cause Order. *See Duneske v. Duneske*, Case No. 23-CV-13140, ECF No. 8. Since that original miscellaneous matter in 2021, Duneske has filed numerous other, similarly bizarre pleadings in this Court, several of which have been dismissed.

For the following reasons, Duneske's motion to proceed in forma pauperis ("IFP") in this case is **GRANTED**, Duneske's action is **DISMISSED WITH PREJUDICE**, and Duneske is **ENJOINED** from filing any other actions in the Eastern District of Michigan without first seeking and obtaining leave of Court as provided in this Opinion and Order.

# I. INITIAL REVIEW OF COMPLAINT

A complaint is considered filed "only when [in forma pauperis] status is granted[,] or the appropriate filing fee is paid." *Truitt v. Cnty. Of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998). Duneske represents in her application that she has no income or assets and that she is a recipient of SNAP, EBT, and Medicaid. ECF No. 2, PageID.5. Considering these facts, the Court will allow Duneske to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a).

Once an in forma pauperis complaint has been filed, the Court must review it to ensure it is not frivolous or malicious, plausibly states a claim for relief, and does not seek monetary relief against defendants immune from such relief. 28 U.S.C. § 1915(e)(2).

The complaints of litigants without lawyers are construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Even so, all litigants must comply with Federal Rule of Civil Procedure 8(a), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and a "demand for the relief sought." Fed. R. Civ. P. 8(a)(2)–(3). Rule 8 does not require "detailed" factual allegations, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## II. BACKGROUND

Duneske states that Team Skeptic's "malicious prosecution" hinders her ability to acquire income. *Team Skeptic*, ECF No. 2, PageID.6. Duneske notes that "filing court documents…takes up almost all of her time." *Id.* Duneske's latter assertion is evident from the record; she has filed a plethora of unmeritorious suits in the Eastern District of Michigan, wasting the Court's limited time and resources.

"District courts are obligated to protect themselves from vexatious litigants[.]" *Flint v. Whalin*, Case No. 3:11-CV-316-H, 2011 WL 2471550, at *2 (W.D. Ky. Jun. 21, 2011) (citing *In re McDonald*, 489 U.S. 180, n.8 (1989)); *see also Viola v. Yost*, 2:21-CV-3088, 2022 WL 656569, at *2–3 (S.D. Ohio Mar. 4, 2022).

Courts may impose sanctions to curb vexatious litigation in instances where the claims are meritless, the litigant knows or should know that the claims are meritless, and the claims are filed for an improper purpose. *Id.* One possible sanction: an injunctive order preventing the prolific litigant from filing any additional harassing or vexatious pleadings. *See Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987).

In *Clemons v. DeWine*, the Sixth Circuit set forth a list of requirements that must be met to allow a district court's entry of such a vexatious litigant order. No. 19-3033, 2019 WL 7567197, at *3 (6th Cir. May 1, 2019).

Under *Clemons*, the Court must:

(1) Provide notice to Plaintiff;

(2) Create an adequate record for review[,] including a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed;

(3) Make substantive findings as to the frivolous or harassing nature of the litigant's actions; and

(4) Narrowly tailor the order to closely fit the specific vice encountered.

*Sultaana v. Corrigan*, No. 20-3896, 2021 WL 7160160 (6th Cir. Sep. 09, 2021) (quoting *Clemons*, 2019 WL 7567197, at *3) (adopting standard established in *De Long v. Hennessey*, 912 F.2d 1144, 1147–48 (9th Cir. 1990) (internal quotations omitted)).

Regarding the first of these elements, the Court placed Duneske on notice in January 2024. It noted that her filing behavior, if continued, would result in the Court finding that she is a vexatious litigator:

Plaintiff…is advised that any additional filing of vexatious or frivolous materials in this district will result in her being enjoined and restrained from filing any new complaints in the United States District Court for the Eastern District against any defendant without first seeking and obtaining leave of Court.

*Duneske v. Duneske*, ECF No. 7, Case No. 2:23-CV-13140-TGB-KGA (E.D. Mich. Jan. 23, 2024). In that same Order, the Court described two other cases of Duneske's that were dismissed. *Duneske v. Triplett*, Case No. 23-CV-11730 (Grey, J.) and *Duneske v. 22nd Cir. Ct. of Washtenaw*

5

*Cnty.*, Case No. 23-CV-11777 (Leitman, J.). Nevertheless, Duneske has "continue[d] to file arguably frivolous complaints and motions." *See Sultaana v. Jerman*, Case No. 1:15-CV-382 2020 WL 4218110 (E.D. Mich. 2020) (Parker, J.) (enjoining similarly vexatious litigant).

As to the second element of *Clemons*, over the last year, Duneske has filed — at minimum — thirteen lawsuits for consideration by courts in the Eastern District of Michigan:

1. *Duneske v. Duneske* (2:23-cv-13140-TGB-KGA)
2. *Duneske v. Triplett* (2:23-cv-11730-JJCG-KGA)
3. *Duneske v. 22nd Cir. Ct. Washtenaw Cnty.* (2:23-cv-11777-MFL-CI)
4. *Duneske v. Fed. Bureau of Investigation* (4:23-cv-11778-FKB-APP)
5. *Duneske v. Brooks Green* (2:23-cv-11948-LJM-DRG)
6. *In re: Lindsay Ann Duneske* (2:24-mc-50365-LVP-EAS)
7. *Duneske v. Roseville Police Dep't* (2:24-cv-11318-SJM-CI)
8. *Duneske v. Facebook, Inc.* (4:24-cv-11334-TGB-KGA)
9. *Duneske v. X f/k/a Twitter, Inc.* (2:24-cv-11347-TGB-DRG)
10. *Duneske v. Team Skeptic* (2:24-cv-11371-TGB-DRG)
11. *Duneske v. Fanta* (2:24-cv-11391-LJM-CI)
12. *Duneske v. Priess* (2:24-cv-11392-TGB-DRG)
13. *Duneske v. Nerswick* (4:24-cv-11390-TGB-KGA)

Duneske's litany of complaints and suits share a common nucleus, stemming from allegations of parental kidnapping of her minor children by their fathers and Duneske's discontent with the governmental systems, private entities, and individuals unwilling to bend to her

6

wishes, comply with her various demands, nor change course following threats of retribution.

For example, in *Duneske v. Triplett*, Duneske sought "an injunction prohibiting defendants from violating her rights and to locate and return her parentally kidnapped children, all arising out of a Wayne County Circuit Court action. Defendants include[d]: (1) Judge Regina Triplett of the 3rd Circuit Court of Michigan, (2) Judge Melissa A. Cox of the 3rd Circuit Court of Michigan, (3) Andrew Fanta, an attorney[,] and (4) Charles P. Nerswick[.] Duneske's cause of action generally challenges the actions of the defendants with respect to a child custody case[.]" Ord. Granting Application to Proceed Without Prepaying Fees & Summarily Dismissing and Closing Action, *Duneske v. Triplett*, Case No. 23-CV-11730 (E.D. Mich. Aug. 9, 2023), ECF No. 5, PageID.16.

On August 9, 2023, Judge Grey dismissed with prejudice Duneske's complaint and found the action to be frivolous under 28 U.S.C. §1915(e)(2)(B). *Triplett*, ECF No. 5, PageID.19. (holding also that "[a]ny appeal of this Order would be frivolous and would not be taken in good faith"). Unsatisfied with the dismissal, on August 22, 2023, Duneske filed an Objection (*Triplett*, ECF No. 6, PageID.20)—"[a] review of [which] reveal[ed] that she, in essence, [sought] a reconsideration of the Court's August 9, 2023 ruling[.]" *Triplett*. ECF No. 7, PageID.23. After considering the latter filing under both Rule 59(e) and Rule 60(b), on September 15, 2023, Judge Grey denied the Objection and *again* deemed

7

the action frivolous under 28 U.S.C. § 1915(e)(2)(B)—warning Duneske once more that any appeal of the order would be frivolous and would not be taken in good faith. *Triplett*, ECF No. 7, PageID.23. Undeterred by Judge Grey's warnings, on December 12, 2023, Duneske filed additional documents in the matter, repeating her prior grievances and alleged right to relief. *Triplett*, ECF No. 9, PageID.29–38.

Concurrently, on July 24, 2023, Duneske brought suit against the 22nd Circuit Court Washtenaw County, Judge Darlene O'Brien, Charles Nerswick, and Andrew Fanta. Complaint, *Duneske v. 22nd Cir. Ct. of Washtenaw Cnty.*, No. 23-11777 (E.D. Mich. July 24, 2023), ECF No. 1, PageID.2. On September 25, 2023, Judge Leitman dismissed the action based on Duneske's failure to present the Clerk's Office with documents necessary to effect service. *22nd Cir. Ct.*, ECF No. 7, PageID.18.

Earlier that same week, on July 21, 2023, Duneske filed suit against the FBI and several of the Bureau's Detroit Field Office agents for, on May 6, 2023, "act[ing] on a false allegation using a void and fully vacated, fraudulent court order" to "unlawfully seize her children without any just cause, of which is tantamount to kidnapping." Complaint, *Duneske v. Fed. Bureau of Investigation*, No. 23-11778 (July 21, 2023), ECF No. 1, PageID.5. There, Duneske asserted entitlement to "[c]ompensatory and punitive damages pursuant to U.S.C. Sections 1983 & 1986" and sought "[c]riminal charges to be brought against all involved

8

offenders" pursuant to 18 U.S.C. § 241 and § 242. *FBI*, ECF No. 1, PageID.5.

In the *FBI* case, on February 5, 2024, Judge Behm ordered Duneske to file an amended in forma pauperis ("IFP") application. The original application contained several deficiencies—Duneske listed her minor children's full names, failed to provide a supplemental explanation to a particular question "as explicitly required," and did not include her signature. *FBI*, ECF No. 9, PageID.21. Duneske failed to correct the application by the court's March deadline, resulting in a directive to pay the $405.00 filing fee by April 5, 2024. *FBI*, ECF No. 9, PageID.21–22. Judge Behm further warned Duneske that "failure to pay the filing fee by th[e] deadline [might] result in dismissal of the complaint." *FBI*, ECF No. 8, PageID.19. After Duneske took no action, on April 17, 2024, Judge Behm dismissed the case against the FBI according to Federal Rule of Civil Procedure 41(b) for failure to prosecute. *FBI*, ECF No. 9, PageID.22.

On August 7, 2023, two days before Judge Grey dismissed *Duneske v. Triplett*, Duneske filed suit against Judge Tina Brooks Green and Court Administrator Mahrya Lovse "for a slew of [alleged] constitutional violations involving her experiences with the 34th District Court in Romulus, Michigan," among them her arrest for failure to appear, which Duneske claims, led "her children [to be] unlawfully removed from her…and illegally withheld from [her]" since that time. *Duneske v. Brooks Green*, Case No. 2:23-CV-11948 (E.D. Mich. Oct. 6, 2023), ECF

9

No. 5, PageID.18. On October 6, 2023, Judge Michelson summarily dismissed Duneske's complaint, concluding "both parties [were] immune from suit." *Brooks Green*, ECF No. 5, PageID.23.

Such dismissals notwithstanding, on April 17, 2024, Duneske filed yet another action challenging the state-court proceedings held before Judge Triplett, which resulted in the custody of her children being awarded to Charles Nerswick. "Duneske…claims an unlawful seizure and kidnapping of herself and her children by the Federal Bureau of Investigations; that Judge Triplett ordered the children' injected with an experimental medical treatment' against Duneske's will; and that Nerswick and his attorney, Andrew Fanta, 'presented fraud upon the court.'" *In re Lindsay Ann Duneske*, Case No. 2:24-CV-50365 (E.D. Mich. Apr. 22, 2024) (Parker, J.), ECF No.4, PageID.13; *see* ECF No. 1, PageID.1–2. Like the other cases, this action was summarily dismissed—this time under 28 U.S.C. § 1915(e)(2)(B). *In re Lindsay Ann Duneske*, ECF No. 4, PageID.15.

And, again, on May 18, 2024, Duneske filed another case. This one was assigned to Judge Stephen J. Murphy, III, and was dismissed on May 23, 2024. *Duneske v. Roseville Police Department*, Case No. 2:24-CV-11318 (E.D. Mich. May 23, 2024). Judge Murphy explained in his order of dismissal:

> Plaintiff's complaint lists numerous constitutional and statutory violations without any factual allegations

> whatsoever[.] It appears that Plaintiff used a form to fill out her complaint but failed to add details regarding her allegations. Plaintiff did not allege a date on which the alleged actions took place and did not specify what those actions were, or which Defendants allegedly took them. Instead, Plaintiff's complaint simply lists the definitions of various constitutional and statutory violations without factual allegations. The [c]ourt will, therefore, dismiss the complaint for failure to state a claim under Rule 8(a).

*Roseville Police Dep't*, ECF No. 6, PageID.17.

### III. DISCUSSION

Earlier this year, Duneske filed six more lawsuits in the same general vein. Duneske's latest batch of frivolous complaints were filed between Tuesday, May 21, 2024, and Thursday, May 23, 2024:

- *Duneske v. Fanta* (2:24-cv-11391-LJM-CI)
- *Duneske v. Priess* (2:24-cv-11392- TGB-DRG)
- *Duneske v. Nerswick* (4:24-cv-11390-TGB-KGA)
- *Duneske v. Facebook, Inc.* (4:24-cv-11334- TGB-KGA)
- *Duneske v. X f/k/a Twitter, Inc.* (2:24-cv-11347-TGB-DRG)
- *Duneske v. Team Skeptic* (2:24-cv-11371- TGB-DRG)

Duneske's complaints in *Fanta*, *Nerswick,* and *Priess* follow a template nearly identical to the previously discussed pleadings. The few areas where the complaints diverge are inconsequential. For instance, Duneske accuses Fanta and Priess of "fraudulent acts, such as intentionally telling lies to law enforcement, judges, etc.," and Nerswick of "[d]omestic violence[,] attempting to run [her] over with an oversized

11

pick-up truck," as well as "interference with legal processes and emotional manipulation." *Fanta*, ECF No. 1, PageID.1; *Priess*, ECF No. 1, PageID.1; *Nerswick*, ECF No. 1, PageID.2. Each contains the same primary allegation: "[D]eprivation of parental child consortium." *Fanta*, ECF No. 1, PageID.1; *Priess*, ECF No. 1, PageID.1; *Nerswick*, ECF No. 1, PageID.1. Judge Michelson dismissed Duneske's complaint in *Fanta* without prejudice for lack of subject-matter jurisdiction. *Fanta*, ECF No. 5, PageID.14.

Likewise, Duneske's *Facebook* and *X* complaints include numerous constitutional and statutory violations yet lack factual allegations beyond generalized accusations of illicit collusion between the social media platforms and the FBI. Among such accusations, denying Duneske the ability to "effectively shar[e] information and communicat[e] her side of the story," discriminating against Duneske based on religious and philosophical views, and unlawfully surveilling, cyberbullying, and torturing her. *See Facebook*, ECF No. 1, PageID.2; *X f/k/a Twitter, Inc.*, ECF No. 1, PageID.2.

Having carefully reviewed the complaint before the Court in this case, it is clear that the claims cannot meet the requirement under 28 U.S.C. § 1915(e)(2) that it raises non-frivolous claims, and further does not meet Rule 8(a)'s requirement that it show that the pleader is entitled to relief. The complaint, therefore, will be **DISMISSED WITH PREJUDICE**. Duneske fails to state a claim, as required under Rule

8(a); moreover, the action is frivolous, "lack[ing] an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), "fall[ing] within the requirements [for dismissal] of § 1915(e)(2)[.]" *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)).

Further, it is apparent that—notwithstanding repeated explanations, warnings, and dismissals by this Court, other courts in this district, and multiple state courts—Duneske has demonstrated an intent to continue filing frivolous actions challenging the custodianship of her children and seeking to harass those entities and individuals she considers complacent, responsible, or even in any way critical of her behavior. Duneske continues to "seek relief where none exists." *Stanley v. United States Dep't of Just.*, Case No. 19-MC-50967, 2021 WL 2823101, at *1 (E.D. Mich. July 6, 2021).

The various judicial officers of the Eastern District of Michigan who have been required to review these complaints have been tolerant and patient in dealing with Duneske's pro se filings. "However, there comes a point when we can no longer allow Plaintiff to misuse the judicial system[.]" *Viola v. Yost*, Case No. 2:21-CV-3088, 2022 WL 656569, at *4 (S.D. Ohio Mar. 4, 2022), *aff'd*, Case No. 22-3262, 2023 WL 6222366 (6th Cir. June 12, 2023); *LaPine v. Collrin*, Case No. 21-51013, 2021 WL 3552239, at *1 (E.D. Mich. Aug. 11, 2021) (Levy, J.) ("[W]e see nothing wrong…with an order that…places limits on a reasonably defined

13

category of litigation because of a recognized pattern of repetitive, frivolous, or vexatious cases[.]") (quoting *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998)).

"Every paper filed with the Clerk of…Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *See Miller v. Mt. Eaton Police Dep't*, Case No. 5:19-CV-2618, 2020 WL 1332016, at *2 (N.D. Ohio Mar. 23, 2020) (quoting *In re McDonald*, 489 U.S. 180, 184 (1989)).

Following a thorough review of Duneske's allegations in this case, and her conduct in this and other cases filed in the Eastern District of Michigan, the Court finds that some restrictions are warranted to prevent Duneske's ongoing abuse of the process of this Court.

Consequently, Lindsay Ann Duneske is **PERMANENTLY ENJOINED** from filing any new lawsuits or other documents without first seeking and obtaining leave of court—that is, written permission—from the Chief Judge or the Miscellaneous Duty Judge by following the requirements set out below:

1. If Duneske wishes to file a complaint or any document in this Court, she must first file a "Motion Pursuant to Court Order Requiring Plaintiff to Obtain Leave to File," and must attach to this Motion (a.) a copy of the document she proposes to file, and (b.) a copy of this Order. Such a Motion will be filed as a miscellaneous case.

2. In support of this above Motion, Duneske must attach the following three exhibits:

   (a.) a written declaration which has been prepared pursuant to 28 U.S.C. § 1746 or is a sworn affidavit certifying that (i.) the proposed filing raises a new issue which has never been previously raised by her in this or any other court, (ii.) the claim or issue is not frivolous, and (iii.) the proposed filing is not being filed in bad faith.

   (b.) a document containing a list showing (i.) the complete caption of every suit that has been previously filed by her or on her behalf in any court against each defendant in any new suit she wishes to file and (ii.) the complete caption of every suit which she has currently pending.

   (c.) a complete set of copies of each Complaint identified and listed in the document required by subparagraph (b.) above, along with a certified record of its disposition.

The Court may deny any Motion for leave to file if it does not comply with the above requirements or if the proposed filing is frivolous, vexatious, or harassing. If the Motion is denied, the proposed filing shall not be accepted for filing. Further, Duneske's failure in any way to comply fully with the terms of this Order shall be sufficient grounds to deny any Motion for leave to file.

Further, to prevent future harassment by Duneske and the waste of the Court's limited resources, the Clerk's Office is **ORDERED** as follows:

1. Any document submitted by Duneske shall not be accepted for filing unless it is a "Motion Pursuant to Court Order Requiring Plaintiff to Obtain Leave to File," which complies with all the requirements of this Order.

15

2. The Clerk's Office shall not accept any filing fees, cover sheets, in forma pauperis applications, summonses, or U.S. Marshal Forms, in connection with any "Motion Pursuant to Court Order Requiring Plaintiff to Obtain Leave to File" which Duneske files, unless and until leave has been granted.

## IV. CONCLUSION

Duneske's claims against Defendants Team Skeptic and YouTube are dismissed for the foregoing reasons. Accordingly, Duneske's motion to proceed in forma pauperis is **GRANTED,** and her complaint is **DISMISSED WITH PREJUDICE**.

Under 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

Furthermore, Duneske is **ENJOINED** from filing any more actions in the Eastern District of Michigan without first seeking and obtaining leave of Court as provided in this Opinion and Order.

**SO ORDERED.**

Dated: November 20, 2024        s/Terrence G. Berg
                                TERRENCE G. BERG
                                UNITED STATES DISTRICT JUDGE

16